UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RODERIC THEODORE                                                    PLAINTIFF/
PETITIONER

VERSUS                                     CIVIL ACTION NO. 1:08CV1407-LG-RHW

JACQUELYN BANKS                                        DEFENDANT/
RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Respondent's [4] Motion to Dismiss Roderic Theodore's 28 U.S.C. § 2254 petition for writ of habeas corpus as time barred by the AEDPA's one-year limitation period. Theodore dated the instant petition November 14, 2008, and it was filed with the Court on November 18, 2008. In his petition, Theodore asserts various claims of ineffective assistance of counsel. He also asserts that he was denied a speedy trial. Respondent filed the instant motion arguing that Theodore's conviction became final on August 8, 2001; therefore, to be timely his petition needed to be filed on or before August 8, 2002. Respondent further argues that the instant petition, filed in November of 2008, is untimely. Theodore sought and received four extensions in which to respond to the State's motion to dismiss. The last extension allowed Theodore until June 25, 2009, to file his response. It is now one month beyond the deadline for responding. Plaintiff has not filed a response as of the filing of this report and recommendation.

## LAW AND ANALYSIS

Section 2244 provides in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Theodore was convicted of murder on August 12, 1998, and sentenced to a term of life in prison. Theodore filed an appeal to the Mississippi Supreme Court, which affirmed his conviction and sentence on May 10, 2001. *See Theodore v. State of Mississippi*, 798 So.2d 465 (Miss. 2001). There is no indication that Theodore filed a writ of certiorari with the United States Supreme Court. Thus, his conviction became final on August 8, 2001, or 90 days after the Mississippi Supreme Court affirmed his conviction. *See Roberts v. Cockrell*, 319 F.3d 690 694 (5th Cir. 2003).

The one-year limitation period expired one year after Petitioner's conviction and sentence became final. Thus, in order to be timely, Theodore's petition should have been filed on or before August 8, 2002. Theodore filed an "Application for Leave to File Motion for Post Conviction Relief" on September 18, 2008. The Mississippi Supreme Court denied this petition as time barred. The undersigned finds that Theodore's State petition was filed well beyond the AEDPA's one-year limitation period, and thus had no tolling effect on the limitation period.

Based on the foregoing, the undersigned finds that Theodore's November 18, 2008, § 2254 petition is untimely.

## RECOMMENDATION

The undersigned recommends that the Respondents' [4] Motion to Dismiss be granted and that Taylor's § 2254 petition be dismissed as time barred.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge and the opposing party. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court. A party who fails to file written objections to the proposed findings, conclusions and Recommendation within ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 28th day of July, 2009.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE